McGREGOR W. SCOTT
United States Attorney
DAWRENCE W. RICE, JR.
Assistant U.S. Attorney
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:04-CR-5285 OWW |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| | ) | |
| GEORGE ZEPEDA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

　　　Based upon the plea agreement entered into between plaintiff United States of America and defendant George Zepeda, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

　　　1.　Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), defendant George Zepeda's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

　　　　a)　A Remington 20 Gauge Shotgun;

　　　　b)　A Colt .38 caliber revolver;

　　　　c)　A Lorcin .380 caliber semiautomatic pistol; and,

　　　　d)　A Ami Tanfoglio Giuseppe .25 caliber semiautomatic pistol.

1

2. The above-listed forfeited property constitutes personal property used or intended to be used to commit the violation of 18 U.S.C. § 922(g).

3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-described property. That the aforementioned forfeited property shall be seized and held by the Bureau of Alcohol, Tobacco, Firearms and Explosives, or its designee, in its secure custody and control.

4. a. Pursuant 18 U.S.C. § 924(d) incorporating Section 5845(a) of the Internal Revenue Code, U.S.C. § 853(n) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in a newspaper of general circulation located in the county in which the above-described property was seized, notice of this Order, notice of the Attorney General's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier.

b. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

c. The United States may also, to the extent practicable,

1 provide direct written notice to any person known to have alleged an
2 interest in the property that is the subject of the Order of
3 Forfeiture, as a substitute for published notice as to those persons
4 so notified.
5      5.   If a petition is timely filed, upon adjudication of all
6 third-party interests, if any, this Court will enter a Final Order
7 of Forfeiture pursuant to 18 U.S.C. § 924 and 28 U.S.C. § 2461(c) in
8 which all interests will be addressed.
9      SO ORDERED this __2nd___ day of ___August_____, 2005.

11                              /s/ OLIVER W. WANGER_____
                                OLIVER W. WANGER
12                              United States District Judge

3